IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02693-BNB

ASA MEEK,

      Plaintiff,

v.

STATE OF COLORADO (People),
COUNTY OF EAGLE,
ROBERT THOMAS MOOREHEAD, and
GREG CRITTENDENDUM,

      Defendants.

_____

ORDER OF DISMISSAL

_____

      Plaintiff, Asa Meek, is a prisoner in the custody of the Colorado Department of

Corrections (DOC) who is currently incarcerated at the Sterling Correctional Facility in

Sterling, Colorado.  He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C.

§ 1983 alleging that his rights under the United States Constitution were violated during

the course of the state court criminal proceedings against him.  Mr. Meek seeks

damages in addition to injunctive relief.

      Mr. Meek has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 with payment of an initial partial filing fee.  Subsection (e)(2)(B) of

§ 1915 requires a court to dismiss *sua sponte* an action at any time if the action is

frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable

claim.  *Neitzke v. Meek*, 490 U.S. 319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff

must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Meek's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint and the action will be dismissed.

As noted above, Mr. Meek alleges that his constitutional rights were violated during the course of his state court criminal proceedings. He specifically alleges that on October 27, 2005, he was charged in the Eagle County District Court with one count of robbery, one count of theft, and five habitual criminal counts. Complaint at 4. Mr. Meek alleges that he was convicted by a jury on the robbery and theft counts, and later convicted by the trial court on the habitual criminal counts. *Id.* at 6-7. As his first claim, he asserts that the trial court committed reversible error and deprived him of a fair trial when it admitted improper evidence of an out-of-court identification. *Id.* at 7. As his second claim, Mr. Meek alleges that the trial court committed reversible error when it admitted "identification evidence at trial obtained as the result of a suggestive one-on-

2

one show-up." *Id.* at 12.  Third, Mr. Meek asserts that the trial court committed reversible error and deprived him of the right to present a defense when "it prevented him from presenting alternate suspect evidence at trial." *Id.* at 15.  Fourth, Mr. Meek argues that the evidence is insufficient to sustain his conviction on the habitual criminal counts.  *Id.* at 17.  As relief, Mr. Meek requests compensatory and punitive damages, in addition the dismissal of his habitual criminal convictions.

Mr. Meek may not challenge the validity of his convictions in this action for money damages pursuant to 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ.  *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Meek, in this action, necessarily would imply the invalidity of his state court criminal proceedings.  Therefore, he may not bring this action unless he has invalidated the proceedings.  Mr. Meek does not allege any invalidation of his convictions nor is there an indication in the Complaint that he was granted one.  Any claims challenging Mr. Meek's criminal state court proceedings would be barred by *Heck*.

Furthermore, to the extent that Mr. Meek is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to

3

28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after

exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Mr. Meek's Complaint also suffers from other deficiencies.  Defendant Judge

Robert Thomas Moorehead is absolutely immune from liability in civil rights suits when

he is acting in her judicial capacity, unless he acts in the clear absence of all jurisdiction.

*See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349,

356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Each of Mr.

Meek's claims challenge the state court proceedings in his State of Colorado criminal

case.  Nothing Mr. Meek asserts against Judge Moorehead indicates that the judge was

acting outside of his judicial capacity.  The claims asserted against Judge Moorehead,

therefore, are barred by absolute judicial immunity.

Defendant District Attorney Greg Crittendendum also enjoys immunity from suit

under 42 U.S.C. § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).  Mr.

Meek's allegations against Defendant Crittendendum involve no more than acts that are

"'intimately associated with the judicial process' such as initiating and pursuing a

criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting

*Imbler*, 424 U.S. at 430), *cert. denied sub nom*. *Swepston v. Snell*, 499 U.S. 976

(1991).  Therefore, Defendant Crittendendum  is an inappropriate party to this action

based on absolute immunity.

Nonetheless, the instant action will be dismissed pursuant to *Heck*.  A *Heck*

dismissal counts as a strike under § 1915(g).  *See Hafed v. Federal Bureau of

Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).  Accordingly, it is

4

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __16th__ day of _____November_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court