IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02693-LTB

ASA MEEK,

    Plaintiff,

v.

STATE OF COLORADO (People),
COUNTY OF EAGLE,
ROBERT THOMAS MOOREHEAD, and
GREG CRITTENDENDUM,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Asa Meek, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled "Motion to Cure Defenciey's [sic]" on December 14, 2011.  The Court must construe the motion liberally because Mr. Meek is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The "Motion to Cure Defenciey's [sic]," therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Meek filed the Motion to Reconsider within twenty-eight days after

the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Meek fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Meek initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 on October 17, 2011. He was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee on November 8, 2011. In the Complaint, Mr. Meek asserted that his constitutional rights were violated during the course of his state court criminal proceedings. As relief, Mr. Meek requested compensatory and punitive damages, in addition to the dismissal of his habitual criminal convictions. By order dated November 16, 2011, the Court determined that Mr. Meek's claims were barred by the ruling set forth in **Heck v. Humphrey**, 512 U.S. 477 (1994). Therefore, the action was dismissed without prejudice. Judgment also entered on November 16, 2011.

In the Motion to Reconsider, Mr. Meek acknowledges that his claims are currently barred by **Heck**. He requests that his case "be set over (dismissed without prejudice) until this plaintiff has time to revisit and exhaust state remedies, then proceed

with the above captioned case." Motion at 2-3. However, Mr. Meek is informed that his case was dismissed without prejudice. If Mr. Meek's convictions are invalidated in the state courts, nothing prevents him from reasserting the claims that were dismissed in this action. Until that time, Mr. Meek's claims remain barred by ***Heck.***

Mr. Meek has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. ***See Servants of the Paraclete***, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion to Cure Defenciey's [sic]," filed on December 14, 2011, is construed as a Motion to Reconsider and is denied.

DATED at Denver, Colorado, this  20th  day of   December  , 2011.

BY THE COURT:


   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court